# Exhibit 1

## (State Court Documents)

ELECTRONICALLY FILED - 2022 Jul 26 8:46 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002821

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>SHELIA GRIER,<br><br>      PLAINTIFF,<br><br>v.<br><br>TARGET CORPORATION,<br><br>      DEFENDANT. | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br><br>CASE NO: 2022-CP-10-02821<br><br><br>**AMENDED SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO THE ABOVE-NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED and requested to answer the Amended Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Amended Complaint upon the subscriber at her office, 8086 Rivers Avenue, Suite A, North Charleston, SC 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Amended Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Amended Complaint.

                                            **WIGGER LAW FIRM, INC.**

                                            **s/ Emily Hanewicz Tong**
                                            Emily Hanewicz Tong, Esquire
                                            S.C. Bar #: 102042
                                            Attorney for the Plaintiff
                                            8086 Rivers Avenue
                                            North Charleston, SC 29406
                                            (843) 553-9800

North Charleston, South Carolina
This **21st** day of **July** 2022.

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>SHELIA GRIER,<br><br>    PLAINTIFF,<br><br>v.<br><br>TARGET CORPORATION,<br><br>    DEFENDANT. | IN THE COURT OF COMMON PLEAS<br>FOR THE NINTH JUDICIAL CIRCUIT<br><br>CASE NO: 2022-CP-10-02821<br><br><br>**AMENDED COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

TO THE ABOVE-NAMED DEFENDANT:

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. The Plaintiff is a citizen and resident of Charleston County, South Carolina.

2. The Defendant, Target Corporation, upon information and belief, is a foreign corporation incorporated in Minnesota and operating under the laws of the State of South Carolina.

3. The incident giving rise to this complaint occurred at the Target store located at 2070 Sam Rittenberg Boulevard in Charleston, South Carolina (hereinafter "the premises").

4. Upon information and belief, the defendant was responsible for safety procedures and hazardous conditions related to that particular store.

5. Therefore, the parties, subject matter and all things and matters herein alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

6. At all times herein, the premises was in the direct operation and control of the Defendant, its agents and employees.

7. At all times herein, the Defendant owed the Plaintiff a duty of care to keep the premises in a safe condition for its intended use, to inspect the premises to discover dangerous conditions, and to warn of or eliminate unreasonable risks within the area of invitation.

8. At all times herein, the Defendant owed the Plaintiff a duty of care to keep the store's floor free from hazardous and dangerous conditions in all areas where patrons of the store are present.

ELECTRONICALLY FILED - 2022 Jul 26 8:46 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002821

9. On or about October 26, 2019, the Plaintiff was shopping at the Target store located at 2070 Sam Rittenberg Boulevard in Charleston, South Carolina when she slipped in a puddle that had accumulated on the floor in front of the store's old, leaky ice machine.

10. The Plaintiff suffered severe injuries to her right knee as a result of this fall.

11. An employee of the Defendant acknowledged the hazard created by the leaky machine and commented that "it's old" and "should have been replaced already."

12. Defendant was therefore negligent in failing to properly maintain areas that patrons access and utilize.

13. The presence of the water was the sole and proximate causes of the Plaintiff's fall, and the Defendant, its agents and employees knew of its presence and that it constituted an unreasonable danger to members of the public who were present on the premises.

14. At all times herein, the Plaintiff was acting in a prudent and lawful manner in her conduct on the premises.

<b><u>FOR A FIRST CAUSE OF ACTION<br>NEGLIGENCE/GROSS NEGLIGENCE<br>(BREACH OF DUTY OF CARE)</u></b>

15. At said time and place, the Defendant was willful, wanton, reckless, negligent, and grossly negligent in the following particulars, to wit:

   a) In placing the ice machine at the front of the store;

   b) In having water near the exit/entranceway used by the public to exit/enter their premises;

   c) In failing to properly inspect the premises to identify conditions that constitute a danger to members of the public thereon;

   d) In failing to maintain the ice machine so it would not leak onto the pedestrian exit/entranceway used by the public to exit/enter their premises;

   e) In failing to correct the dangerous condition caused by the water on the premises where patrons must walk in order to do business with the Defendant;

   f) In failing to guard against any known hazards;

   g) In failing to warn of the dangerous conditions created by the water near the exit/entranceway;

ELECTRONICALLY FILED - 2022 Jul 26 8:46 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002821

ELECTRONICALLY FILED - 2022 Jul 26 8:46 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1002821

h)  In failing to keep the premises in a reasonably safe condition for business invitees who may be present thereon;

i)  In failing to take proper precautions to ensure that no unreasonably dangerous conditions existed on the premises;

j)  In failing to exercise that degree of care which a reasonable and prudent owner or manager of a place of business would have exercised under the same or similar circumstances; and

k)  In other particulars which discovery may show.

16. As a direct and proximate result of the Defendant's willful, wanton, reckless, negligent and grossly negligent conduct, the Plaintiff crashed to the ground and sustained serious physical injury, permanent impairment and great emotional upset and distress.

17. As a direct consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care and other incidental costs. The Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

18. By reason of the foregoing, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for judgment against the Defendant in an amount to be determined by the trier of fact, to include actual damages, future damages, scarring, permanent impairment, punitive damages, legal fees, costs of this action, and any other relief this Honorable Court deems just and proper.

**WIGGER LAW FIRM, INC.**

**s/ Emily Hanewicz Tong**
Emily Hanewicz Tong, Esquire
S.C. Bar #: 102042
Attorney for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
This **21st** day of **July** 2022.